UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:24-cv-00114

———

**HMI – Wills Point, LLC,**
*Plaintiff,*
v.
**City of Wills Point et al.,**
*Defendants.*

———

**O R D E R**

Plaintiff HMI – Wills Point, LLC brought this action alleging violations of its constitutional rights and seeking declaratory relief and monetary damages. Doc. 1. The court subsequently dismissed plaintiff's request for declaratory relief without prejudice and stayed this litigation pending resolution of plaintiff's litigation before the Texas Public Utility Commission. Doc. 14. Upon resolution of those proceedings, the stay was lifted and this case was referred to a magistrate judge. Docs. 19–20. Defendants subsequently answered the complaint and moved for judgment on the pleadings. Doc. 22. Plaintiff never responded to that motion, and the magistrate judge issued a report recommending that the court grant defendants' motion in part and dismiss plaintiff's constitutional claims with prejudice. Doc. 34 at 15.

Plaintiff filed no written objections. Instead, plaintiff filed an agreed notice of voluntary dismissal with prejudice of defendant Pam Pearson and a notice of voluntary dismissal without prejudice of defendant City of Wills Point. Docs. 35, 38. Defendants agreed to the dismissal of defendant Pearson. Doc. 35 at 1. But they stated that they would not agree to dismissal of the City unless the dismissal would be with prejudice. Doc. 38 at 1.

A plaintiff may dismiss an action without court order under Federal Rule of Civil Procedure 41(a) by filing a notice of dismissal "before the opposing party serves an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). If either an

answer or motion for summary judgment has been filed, a plaintiff can dismiss the action by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii).

Here, defendants answered the complaint before plaintiff filed its notices of dismissal. Thus, plaintiff cannot dismiss either defendant with a notice under Rule 41(a)(1)(A)(i). And because plaintiff's notices are not stipulations signed by all parties who have appeared, plaintiff has not dismissed either defendant under Rule 41(a)(1)(A)(ii).[1]

Turning to the report, the court reviews objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But when no objections to a report have been filed, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Having reviewed the record and being satisfied that there is no clear error, the court accepts the report's findings and recommendations. Defendants' motion for judgment on the pleadings (Doc. 22) is granted in part and denied in part. Plaintiff's constitutional claims are dismissed with prejudice. Defendants' motion as to plaintiff's request for declaratory relief is denied as moot. Any pending motions are denied as moot.

*So ordered by the court on January 9, 2026.*

J. CAMPBELL BARKER
United States District Judge

---

[1] Counsel for defendants signed the notice of dismissal of defendant Pearson only in agreement "as to form and content." Doc. 35 at 2. Agreeing to form and content is not the same as signing a document under Rules 11 and 41(a). In addition, the signature is not accompanied by the attorney's address, email address, and telephone number as required by Rule 11(a).